UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BMO HARRIS BANK, N.A., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Case No. 3:18-cv-30001-MGM |
| | ) |
| SUPERMAZ LOGISTIC SERVICES, LLC, | ) |
| and SERGEY AGIBALOV, | ) |
| | ) |
|     Defendants. | ) |

REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT AGAINST DEFENDANTS SUPERMAZ LOGISTIC SERVICES, LLC
AND SERGEY AGIBALOV
(Dkt. No. 11)

ROBERTSON, U.S.M.J.

I.    INTRODUCTION

Plaintiff BMO Harris Bank, N.A. ("BMO") seeks recovery by a default judgment against the defendants Supermaz Logistic Services, LLC ("Supermaz") and Sergey Agibalov ("Agibalov") (collectively, "Defendants") for failure to make payments on nine similarly worded Loan and Security Agreements through which Supermaz borrowed funds from BMO to finance the purchase of fourteen commercial trucks. Agibalov guaranteed Supermaz's obligations under the nine Loan and Security Agreements. Before the court is BMO's motion for entry of a default judgment against Supermaz and Agibalov for failure to make payments to BMO on the equipment purchase loans. The motion was referred to the undersigned by presiding District Judge Mark G. Mastroianni (Dkt. No. 12). *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72. Having reviewed the verified complaint, the motion for default judgment, and the attachments thereto, the court recommends that BMO's motion be GRANTED and that judgment enter against Supermaz and Agibalov in the amount of $662, 977.40.

1

II.    RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

BMO filed its complaint on January 2, 2018 (Dkt. No. 1). Supermaz and Agibalov were personally served with a summons, the complaint, and attachments on January 18, 2018 (Dkt. Nos. 5 & 6). BMO filed its affidavits of service and moved for entry of default on February 13, 2018 (Dkt. Nos. 4, 5, 6). On June 14, 2018, District Court Judge Michael A. Ponsor granted BMO's motion for entry of default and Supermaz's and Agibalov's defaults were entered on that date (Dkt. Nos. 4, 7, 8). BMO moved for default judgments thereafter (Dkt. No. 11).

"In view of Defendants' failure to appear, the facts alleged in the verified complaint are taken to be true." *Volvo Fin. Servs, a division of VFS US LLC v. Freightport, Inc.,* Case No. 17-cv-10401-MGM, 2017 WL 7049168, at *1 (D. Mass. Dec. 27, 2017), *report and recommendation adopted,* Civil Action No. 17-10401-MGM, 2018 WL 547539 (D. Mass. Jan. 23, 2018) (citing *Ortiz-Gonzalez v. Fonovisa,* 277 F.3d 59, 62-63 (1st Cir. 2002)).

According to the complaint, between February 26, 2015 and February 28, 2017, Supermaz and BMO entered into nine Loan and Security Agreements for the purchase of trucks (Dkt. No. 1 ¶¶ 6-59).[1] The agreements included similarly worded terms addressing "Default and Remedies" (*see, e.g.,* Dkt. No. 1-2 at 6 ¶ 5.0). Paragraph 5.1 of the contracts, which addressed "Events of Default," stated that default would occur if the debtor failed to pay any amount owed to the lender when due or if the debtor or guarantor failed to pay any liability to the lender when due (Dkt. No. 1-2 at 6, 12, 18, 24, 30, 36, 42, 48, 54). The remedies for an event of default were contained in paragraph 5.2 and included BMO's option to "declare this Agreement to be in

---

[1] The agreements of February 25 and February 26, 2015 were executed by Supermaz and GE Capital Commercial, Inc. (Dkt. No. 1-2 at 4-14). On December 8, 2017, GE Capital Commercial, Inc. transferred the loan accounts to BMO (Dkt. No. 1-2 at 2). To avoid confusion, BMO and Supermaz will be treated as the parties to all Loan and Security Agreements.

default" and "declare the indebtedness [under the Agreement] to be immediately due and payable" (Dkt. No. 1-2 at 6, 12, 18, 24, 30, 36, 42, 48, 54).

Supermaz granted BMO a security interest in the purchased equipment (Dkt. No. 1-2 at 4, 5, 10, 11, 16, 17, 22, 23, 28, 29, 34, 35, 40, 41, 46, 47, 52, 53). In the event of default by Supermaz, BMO had the rights of a secured party under the Uniform Commercial Code, including the right to "dispose of any Equipment at a public or private sale or at auction" (*see, e.g.,* Dkt. No. 1-2 at 6).

The details of the nine Loan and Security Agreements are as follows:

1. Supermaz and BMO entered into Loan and Security Agreement 1 on February 26, 2015 (Dkt. No. 1-2 at 8).[2] Supermaz borrowed $160,200. for the purchase of two 2014 International Prostar 122" BBC Conv Cab tractors and was obligated to pay $3,314.84 each month for 60 months (Dkt. No. 1-2 at 4). BMO alleges that Supermaz defaulted on or about August 1, 2017 by failing to make the monthly payment (Dkt. No. 1 ¶ 11).

2. Supermaz and BMO entered into Loan and Security Agreement 2 on February 25, 2015 (Dkt. No. 1-2 at 14). Supermaz borrowed $85,250. for the purchase of one 2013 Volvo VNL-Series BBC Conv Cab SBA tractor and was obligated to pay $1,958.78 each month for 54 months (Dkt. No. 1-2 at 10). BMO alleges that Supermaz defaulted on or about August 1, 2017 by failing to make the monthly payment (Dkt. No. 1 ¶ 17).

3. Supermaz and BMO entered into Loan and Security Agreement 3 on March 2, 2016 (Dkt. No. 1-2 at 20). Supermaz borrowed $161,800. for the purchase of two 2014 Volvo VNL-Series SLPR 173" BBC Conv Cab SBA tractors and was obligated to pay $3,221.11 each month for 60 months (Dkt. No. 1-2 at 16). BMO alleges that Supermaz defaulted on or about August 1, 2017 by failing to make the monthly payment (Dkt. No. 1 ¶ 23).

4. Supermaz and BMO entered into Loan and Security Agreement 4 on April 20, 2016 (Dkt. No. 1-2 at 26). Supermaz borrowed $182,800. for the purchase of two 2015 Volvo VNL-Series SLPR 173" BBC Conv Cab SBA tractors and was obligated to pay $3,629.34 each month for 60 months

---

[2] The numbers assigned to the agreements herein are consistent with the numbers assigned to the agreements in the complaint notwithstanding the fact that Agreements 1 and 2 are not in chronological order.

(Dkt. No. 1-2 at 22).  BMO alleges that Supermaz defaulted on or about August 5, 2017 by failing to make the monthly payment (Dkt. No. 1 ¶ 29).

5. Supermaz and BMO entered into Loan and Security Agreement 5 on April 29, 2016 (Dkt. No. 1-2 at 32).  Supermaz borrowed $182,800. for the purchase of two 2015 Volvo VNL-Series SLPR 173" BBC Conv Cab SBA tractors and was obligated to pay $3,641.28 each month for 60 months (Dkt. No. 1-2 at 28).  BMO alleges that Supermaz defaulted on or about August 1, 2017 by failing to make the monthly payment (Dkt. No. 1 ¶ 35).

6. Supermaz and BMO entered into Loan and Security Agreement 6 on January 11, 2017 (Dkt. No. 1-2 at 38).  Supermaz borrowed $150,000. for the purchase of two 2015 Volvo VNL-Series SLPR 173" BBC Conv Cab SBA tractors and was obligated to pay $2,981.00 each month for 60 months (Dkt. No. 1-2 at 34).  BMO alleges that Supermaz defaulted on or about August 1, 2017 by failing to make the monthly payment (Dkt. No. 1 ¶ 41).

7. Supermaz and BMO entered into Loan and Security Agreement 7 on January 30, 2017 (Dkt. No. 1-2 at 44).  Supermaz borrowed $71,650. for the purchase of one 2015 Volvo VNL-Series SLPR 173" BBC Conv Cab SBA tractor and was obligated to pay $1,426.96 each month for 60 months (Dkt. No. 1-2 at 40).  BMO alleges that Supermaz defaulted on or about August 1, 2017 by failing to make the monthly payment (Dkt. No. 1 ¶ 47).

8. Supermaz and BMO entered into Loan and Security Agreement 8 on February 24, 2017 (Dkt. No. 1-2 at 50).  Supermaz borrowed $73,950. for the purchase of one 2015 Volvo VNL-Series SLPR 173" BBC Conv Cab SBA tractor and was obligated to pay $1,474.47 each month for 60 months (Dkt. No. 1-2 at 40).  BMO alleges that Supermaz defaulted on or about August 1, 2017 by failing to make the monthly payment (Dkt. No. 1 ¶ 53).

9. Supermaz and BMO entered into Loan and Security Agreement 9 on February 28, 2017 (Dkt. No. 1-2 at 56).  Supermaz borrowed $91,500. for the purchase of one 2016 Volvo VNL-Series SLPR 173" BBC Conv Cab SBA tractor and was obligated to pay $1,822.98 each month for 60 months (Dkt. No. 1-2 at 52).  BMO alleges that Supermaz defaulted on or about August 1, 2017 by failing to make the monthly payment (Dkt. No. 1 ¶ 59).

Agibalov personally guaranteed Supermaz's obligations to BMO under all loan contracts (Dkt. No. 11-2 at 65-72; Dkt. No. 17 at 4).[3]

BMO has supplemented its motion for default judgment with nine separate "Loan Damage Calculator[s]" (Dkt. No. 11-2 at 74-83).[4] Each Loan Damage Calculator itemizes the principal balance, collection fees, interest, net equipment sale proceeds, balance after accounting for equipment sale, interest, late charges, and other charges (*see, e.g.,* Dkt. No. 11-2 at 74). The sum of the itemized amounts is reflected as the "Grand Total Due" on each Loan Damage Calculator (Dkt. No. 11-2 at 74-83). The aggregate of the nine grand totals is $662,977.40, which is the amount BMO seeks by its motion for default judgment (Dkt. No. 11-2 at 7 ¶¶ 25, 26; Dkt. No. 11-3). BMO characterizes the total amount it is requesting as the "overdue payments, late charges and liquidated damages" it is owed (Dkt. No. 11-2 at 7 ¶ 25).

III.     DISCUSSION

"While a court should accept as true the well-pleaded factual allegations in the complaint when considering a motion for entry of default judgment, the court 'need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages.'" *Volvo Fin. Servs. a division of VFS US LLC,* 2017 WL 7049168 at *2 (quoting *Virgin Records Am., Inc. v. Bagan*, Civ. No. 08-4694 (WHW), 2009 WL 2170153, at *2 (D.N.J. July 21, 2009)). "A court is required to conduct its own inquiry to ascertain the amount of damages with reasonable certainty." *Id. See Virgin Records Am., Inc.,* 2008 WL 2170153, at *2 (quoting *Int'l Assoc. of*

---

[3] The guaranty for Loan and Security Agreement 2 was inadvertently omitted from the attachments to BMO's Motion for Default Judgment, but was submitted on May 23, 2019 in response to the court's order (Dkt. No. 17).

[4] BMO does not identify the Loan and Security Agreement to which each Loan Damage Calculator corresponds.

*Heat & Frost Insulators & Asbestos Workers Local Union No. 42 v. S. Jersey Insulation Servs.*, No. 05-3143 RMB, 2007 WL 276137, at *1 (D.N.J. Jan. 26, 2007)).  Here, with no opposition from Defendants, the documents attached to the verified complaint and the September 5, 2018 and May 23, 2019 affidavits of Sheila Aschenbrenner establish by a preponderance of the evidence the amounts Defendants owe to BMO (Dkt. No. 11-2 at 1-7; Dkt. No. 17-1).  *See Volvo Fin. Servs. a division of VFS US LLC,* 2017 WL 7049168 at *2.

IV.  CONCLUSION

For the above-stated reasons, I recommend that judgment enter for BMO against Supermaz and Agibalov in the amount of $662, 977.40.[5]

It is so ordered.

Dated:  May 31, 2019                                   /s/ Katherine A. Robertson
                                                      KATHERINE A. ROBERTSON
                                                      UNITED STATES MAGISTRATE JUDGE

---

[5] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the service of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.